IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY H. NELSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; JOYCELYN DIPALMA, an individual; JOSEPHY DIPALMA, an individual; JULIANNE MICHELLE, an individual; KELLY KENT, an individual,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER DENYING MOTION TO DISQUALIFY COUNSEL FOR PLAINTIFF**<br><br>Case No. 2:09-cv-00827-TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

District Judge Tena Campbell referred this case to the Magistrate Judge pursuant to 28 U.S.C § 636(b)(1)(A) calling for the proper resolution of non-dispositive pretrial matters.[1] Defendants Supernova Media, Inc., Joycelyn DiPalma, Joseph DiPalma, Julianne Michelle, and Kelly Kent (collectively "Defendants") filed a Motion to Disqualify Counsel for Plaintiff on August 5, 2010.[2] Plaintiff Kelly Nelson ("Nelson") filed a Motion to Stay All Briefing and Any Ruling on September 2, 2010.[3]

### I. Defendants' Motion to Disqualify

The premise of Defendants' Motion to Disqualify is that Plaintiff's Counsel, Joseph Pia ("Pia"), has committed numerous infractions of the Utah Rules of Professional Conduct and, therefore, should be disqualified from representing Nelson in this matter. Defendants also filed a substantially similar Motion to Disqualify Counsel for Plaintiffs in a related matter, *Shannon's*

---

[1] Order of Reference, docket no. 10, filed January 6, 2010.

[2] Motion to Disqualify Counsel for Plaintiff ("Motion to Disqualify"), docket no. 31, filed August 5, 2010.

[3] Motion to Stay All Briefing and Any Ruling in Relations to Defendants' Motion to Disqualify Counsel ("Motion to Stay"), docket no. 35, filed September 2, 2010.

*Rainbow, LLC v. Supernova Media, Inc.*[4] Further, substantial parts of Defendants' Memorandum in Support of Motion to Disqualify Counsel for Plaintiff in the current matter are taken verbatim (with the exception of differing Exhibit numbers) from the Defendants' Memorandum in Support of Motion to Disqualify Counsel for Plaintiffs in the Shannon's Rainbow Action.[5]

The moving party bears the burden on a motion to disqualify opposing counsel.[6] "It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge' and is thus a matter of judicial discretion."[7] However, "federal courts have treated a motion for disqualification as one that should only rarely be granted."[8]

There are two factors that govern a motion to disqualify opposing counsel. "First, attorneys are bound by the local rules of the court in which they appear."[9] Attorneys appearing before this court are bound by the Utah Rules of Professional Conduct.[10] "Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[11] Additionally, "the fact that the conduct in question has been found to constitute a violation of the

---

[4] *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 2:08-cv-00880-TS-PMW ("Shannon's Rainbow Action"), docket no. 109, filed May 21, 2010.

[5] *Compare* Memorandum in Support of Motion to Disqualify Counsel for Plaintiff ("Memo in Support"), docket no. 32, filed August 5, 2010, *with* Memorandum in Support of Motion to Disqualify Counsel for Plaintiff, *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, docket no. 113, filed May 25, 2010.

[6] *See Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994).

[7] *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975)).

[8] *Parkinson*, 857 F. Supp. at 1480.

[9] *Cole*, 43 F.3d at 1383.

[10] DUCivR 83-1.5.1(a).

[11] *Cole*, 43 F.3d at 1383 (internal citations omitted).

Code of Professional Responsibility does not require disqualification of counsel as a matter of course."[12]

Here, Defendants allege that Pia violated the Utah Rules of Professional Conduct in three ways. First, Defendants allege that Pia formed an attorney-client relationship with them prior to the current matter that would preclude Pia from representing Nelson. Second, Defendants allege that Pia is conflicted in this matter due to his self-dealing. Finally, Defendants allege that Pia cannot represent Nelson in this matter because Nelson has interests adverse to Shannon's Rainbow. Each alleged violation will be discussed separately.

    A.  <u>The Attorney-Client Relationship Allegation</u>

Defendants claim that Pia is precluded from representing Plaintiff Nelson in this matter because Pia previously represented Defendants Engle and Supernova in a related matter.[13] Specifically, Defendants allege that Pia acted as their personal attorney during negotiations, discussions, and financing transactions while Pia was acting as the attorney for the film production company Shannon's Rainbow, LLC (the "Shannon's Entities"). The Shannon's Entities were involved in attempting to distribute the film Shannon's Rainbow (the "Film"). A dispute about the distribution of the Film is at the heart of the previously mentioned *Shannon's Rainbow, LLC v. Supernova Media* lawsuit.

Disqualification based on this allegation must be based on findings that: "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's

---

[12] *Parkinson*, 857 F. Supp. at 1476 (adopting Second Circuit's view on attorney disqualification resulting from ethics violation).

[13] *See* Memo in Support at 2.

prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant."[14]

To form an actual attorney-client relationship "the parties need not have executed a formal contract . . . [n]or is the existence of a relationship dependent upon the payment of fees."[15] "However, a party must show (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney."[16] Defendants have not shown that they reasonably believed that Pia was previously acting as their personal attorney. First, Defendants admit that there was a paragraph in Defendant Engle's personal contract with Pia's client, the Shannon's Entities, that limited Pia's representation to that of the Shannon's Entities.[17] Second, the communications between Pia and Defendant Engle that Defendants allege formed an attorney-client relationship were discussions regarding the production of the Film, conflicts between the managers of the Shannon's Entities, and communications necessary to procure a personal loan from Defendant Engle for the Film's production. All of these discussions were related to Pia's role as attorney for the Shannon's Entities and not as Defendants' counsel. Therefore, Defendants' allegation that a previous attorney-client relationship precludes Pia from representing Nelson is without merit because Defendants have not shown that they reasonably believed Pia was acting as their personal attorney while representing the Shannon's Entities.

---

[14] *Cole*, 43 F.3d at 1384 (citing ABA Model Rule 1.9(a) & (c)).

[15] *Id.* (citing *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1317 (7th Cir. 1978)).

[16] *Id.* (citing *Nelson v. Green Builders, Inc.*, 823 F. Supp. 1439, 1445 (E.D. Wis. 1993)).

[17] Memo in Support at 4.

B.  Pia's Self-Dealing

Second, Defendants allege that Pia is precluded from representing Nelson because of his self-dealing.[18] Specifically, Defendants claim that Pia "had a direct, pecuniary interest in the distribution of the Film," and that by obtaining this interest, Pia violated the Utah Rules of Professional Conduct.[19]

Rule 1.8(a) of the Utah Rules of Professional conduct states: "A lawyer shall not enter into a business transaction with a client . . . ."[20] In this case, Defendants have not shown that both parties agreed to any business transaction. Defendants submitted a copy of the proposed representation agreement,[21] but it is not signed or accepted by any party to this litigation. Consequently, Defendants' claim that Pia engaged in self-dealing is without merit because it cannot be shown that a business transaction was entered into by any party in violation of Utah Rule of Professional Conduct 1.8.

C.  Defendants' Adverse Interest Allegations

Finally, Defendants allege that Pia cannot represent Shannon's Entities and SummitWorks (and therefore SummitWorks' principal Nelson) because those parties are adverse to each other.[22] Shannon's Entites and SummitWorks are not parties to this lawsuit. Even if a conflict exists between the Shannon's Entities and SummitWorks (including Nelson as its principal) this case does not relate to the relationship between those parties. Furthermore, if Shannon's Entities and SummitWorks have a claim regarding a conflict of interest, those entities

---

[18] *Id.*

[19] *Id.*

[20] Utah R. Prof'l Conduct 1.8(a).

[21] *See* Memo in Support, Exhibit G.

[22] Memo in Support at 7.

should raise it on their own behalf. Therefore, because Defendants are not themselves affected by the alleged ethical violation, the court need not evaluate this claim.

Defendants have not demonstrated to this court that any of the alleged ethical violations require Pia's disqualification. Accordingly, Defendants' Motion to Disqualify Counsel for Plaintiff is **DENIED**.

## II.  Plaintiff's Motion to Stay

Because Defendants' Motion to Disqualify is denied, this renders Plaintiff's Motion to Stay moot. Therefore, Plaintiff's Motion to Stay is also **DENIED AS MOOT**.

* * * * *

**IT IS HEREBY ORDERED**:

1. Defendants' Motion to Disqualify Counsel for Plaintiff[23] is **DENIED**.

2. Plaintiff's Motion to Stay All Briefing and Any Ruling[24] is **DENIED AS MOOT**.

Dated January 24, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[23] *See* docket no. 31.

[24] *See* docket no. 35.